**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JORGE LEONARDO MEDINA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Diamondback Correctional Facility, et al.,[1]<br><br>Respondents. | Case No. CIV-26-1427-SLP |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 9] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 10], and the matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner is a citizen of Venezuela and Mexico. On September 6, 2023, he entered the United States at the Rio Grande Valley Texas Border Patrol Sector. He was placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1) as he was not in possession of a valid unexpired visa or entry document. *See* 8 U.S.C. § 1225(b)(1); 8 U.S.C. § 1182(a)(7)(A)(i). Upon expressing a fear of persecution, Petitioner's case was referred to an asylum officer, who found Petitioner established a credible fear of persecution or torture. On November 3, 2023, Petitioner was placed by Immigration and Customs Enforcement

[1] Todd Blanche was sworn in as Attorney General of the United States on August 10, 2026. He replaces Pamela Bondi and is substituted as a proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

(ICE) into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i). On November 6, 2023, Petitioner was released from ICE custody on parole pursuant to 8 U.S.C. § 1182(d)(5). Petitioner's parole was valid for a period of one year, and would terminate automatically absent an extension. Petitioner proceeded to reside within the United States for over two and a half years.

Petitioner was detained by ICE on June 5, 2026, after being arrested pursuant to a Form I-200 warrant. Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma at the time his Petition was filed. Petitioner has been continuously detained without bond since his arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1).

On June 15, 2026, Petitioner filed this action. The Magistrate Judge liberally construed the Petition to argue that ICE violated the INA and applicable regulations by subjecting Petitioner to mandatory detention under 8 U.S.C. § 1225(b) and by failing to provide him with a bond hearing as required by 8 U.S.C. § 1226(a). As relief, Petitioner seeks release from custody subject to an order of supervision, or in the alternative, ordering the Respondents to provide a bond hearing.

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide a bond hearing within seven (7) or to otherwise release Petitioner if he does not receive a bond hearing within that period.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon expiration of his parole. As Respondents acknowledge, the Court has

previously "found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked." *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026); *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 (W.D. Okla. July 31, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding revocation of parole does not return petitioner to their prior status at border). The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the country. *See*, *e.g.*, *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds Respondents' position unpersuasive and reconsideration of the Court's prior decisions is not warranted.[2]

[2] Additionality, the Court has previously found the Tenth Circuit and Supreme Court authority relied upon by Respondents is distinguishable and does not apply to circumstances similar to Petitioner's. *See Drozdov*, 2026 WL 1470929, at *2 (rejecting applicability of *Baca-Prieto v. Guigni*); *Uulu*, 2026 WL 2138028, at *1, n. 1 (rejecting applicability of *Sierra v. INS*); *Pena Rebolledo*, 2026 WL 2211681, at *1, n. 1 (rejecting applicability of *Kaplan* and *Leng May Ma*). Furthermore, the Court does not find that the Supreme Court's recent decision in *Blanche v. Lau*,

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[3] *See Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same). Accordingly, Petitioner is entitled to an individualized bond hearing.[4]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing, before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Petitioner's Emergency Motion for Immediate Release, or in the Alternative, For Expedited Custody Review [Doc. No. 2] is DENIED AS MOOT.

---

146 S. Ct. 1981 (2026) controlling. The *Lau* Court addressed the issue of whether a lawful permanent resident actively attempting to re-enter the United States was properly deemed an applicant for admission after commission of a crime of moral turpitude. *See Lau*, 146 S. Ct. at 1987-88. Beyond the differences in the factual circumstances and status of the noncitizen, the *Lau* decision is not applicable to Petitioner's circumstances as the decision does not address the effect of termination of parole under § 1182(d)(5) nor detention under 1225(b)(1).

[3] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Pointedly, the Tenth Circuit did not reach the issue of whether such individuals arrested in the interior of the country could be subject to detention under § 1225(b)(1)(A). *See id.* at 1237, n. 6. However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

[4] Petitioner requested in his Petition his release from custody. *See* Pet. [Doc. No. 1] at 5. Because the Court is limiting relief to Petitioner's statutory claim, the Court finds that the proper remedy is a bond hearing. *See, e.g.*, *Uulu v. Gantt*, 2026 WL 2138028 at *2; *Zhakhonov*, 2026 WL 1865418, at *3.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on September 24, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[5]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 17th day of September, 2026.

Scott L. Palk

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[5] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").